```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                   :
VINCENT T. LEAHY,                  :
                                   :
        Petitioner,                :   Civ. No. 15-7592 (NLH)
                                   :
   v.                              :   OPINION
                                   :
JORDAN HOLLINGSWORTH,              :
                                   :
        Respondent.                :
_____:

APPEARANCES:
Vincent T. Leahy, # 85275-054
Community Correctional Center
2534 Creston Ave.
Bronx, NY 10468
     Petitioner Pro se

HILLMAN, District Judge

    Petitioner Vincent T. Leahy, a prisoner formerly confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate placement in a Residential Reentry Center ("RRC"). (ECF No. 1).  This case was previously administratively terminated due to Petitioner's failure to satisfy the filing fee requirement. (ECF No. 3).  On or about November 16, 2015, Petitioner paid the filing fee and the case was reopened for review by a judicial officer.  In an Order dated December 21, 2015, the Court directed Respondent to file an Answer. (ECF No. 4).  On February 4, 2016, Counsel for Respondent submitted a

letter indicating that Petitioner was scheduled to be transferred to a Community Correction Center. (ECF No. 9). Respondent submitted a printout from Petitioner's "inmate profile" from the Bureau of Prison's ("BOP") records to confirm this transfer. (ECF No. 9-1). The Court has also reviewed the BOP website[1], which indicates that Petitioner was released on March 18, 2016.

Respondent contends that the Petition is moot in light of the fact that Petitioner has received the relief he sought in the Petition. The Court agrees; therefore, the Petition will be dismissed as moot.

## I. DISCUSSION

### A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490, 109 S. Ct. 1923, 1925, 104 L. Ed. 2d 540

---

[1] See https://www.bop.gov/inmateloc/

2

(1989).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (citing Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the execution of his sentence, he was in custody in New Jersey at the time he filed the Petition, and he filed his petition in the district of confinement and named the Warden as respondent. See Burkey v. Marberry, 556 F.3d 142, 145 (3d Cir. 2009); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242–44 (3d Cir. 2005).

The issue before the Court, therefore, is whether the BOP's placement of Petitioner in a Community Correctional Center caused the Petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution. See Spencer, 523 U.S. at 7.  "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L.Ed.2d 400 (1990).

When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas

petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. Spencer, 523 U.S. at 8; see also Burkey, 556 F.3d at 148.  However, when a petitioner does not attack his conviction, the injury requirement is not presumed. Chong v. District Director, INS, 264 F.3d 378, 384 (3d Cir. 2001).  The Supreme Court has suggested "that one may establish collateral consequences only when there is a likelihood that a favorable decision would redress the injury or wrong." Contant v. Lindsay, 473 F. App'x 109, 110 (3d Cir. 2012) (citing Burkey, 556 F.3d at 148).  In the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims. North Carolina v. Rice, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L.Ed.2d 413 (1971) ("mootness is a jurisdictional question"); Chong, 264 F.3d at 383-84.

   B. Analysis

    The record before the Court reveals that Petitioner was released on March 18, 2016 to a Community Correction Center in Bronx, New York.  Because Petitioner has received precisely the relief sought in the Petition, see (Pet. 14, ECF No. 1), the Petition is moot because Petitioner is no longer threatened with "an actual injury traceable to the [BOP] and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S.

4

at 7; see also Burkey, 556 F.3d at 148 (federal inmate's challenge to BOP determination that he is not eligible for early release became moot when inmate was released from prison because "[t]he possibility that the sentencing court will use its discretion to modify the length of Burkey's term of supervised release . . . is so speculative that any decision on the merits by the District Court would be merely advisory and not in keeping with Article III's restriction of power"); Perez v. Zickefoose, No. 10-0198, 2010 WL 4362300, at *1 (D.N.J. Oct. 28, 2010) (holding that petitioner's release into a community corrections center caused his habeas petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution).

## II. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, will be dismissed as moot. An appropriate Order will be entered.

>     ___s/ Noel L. Hillman_____
>     NOEL L. HILLMAN
>     United States District Judge

Dated: June 15, 2016
Camden, New Jersey